UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

NEIL GRENNING,                    )   No. CV-09-389-JPH
                                  )
                Plaintiff,        )   **ORDER ADOPTING REPORT AND**
                                  )   **RECOMMENDATION**
v.                                )
                                  )
MAGGIE MILLER-STOUT, et al.,      )
                                  )
                Defendants.       )
                                  )

Before the Court, without oral argument, is the Report and Recommendation to Grant Defendants' Motion for Summary Judgment. ECF No. 76. Defendants moved for summary judgment on November 18, 2010. ECF No. 23. Plaintiff simultaneously responded and filed a cross-motion for summary judgment on May 2, 2011. ECF No. 66. On May 16, 2011, defendants replied. ECF No. 70. The Magistrate Judge issued the instant report and recommendation, ECF No. 76; Plaintiff timely objected, ECF No. 77, and defendants responded, ECF No. 78.

Plaintiff raises objections rearguing points rejected by the Magistrate Judge. First, the Magistrate Judge found Plaintiff fails to show a genuine dispute of material fact exists with respect to his claim he suffered harm, allegedly lack of sleep and recurring migraine headaches, as a result of cell illumination in the

ORDER ADOPTING REPORT
AND RECOMMENDATION
 - 1

Segregation Management Unit (SMU).  Plaintiff produces no supporting medical records and bases the claimed harm solely on his own assertion.  Defendants point to records showing that, despite daily medical contacts with Plaintiff during his confinement in the SMU, he was never referred for further care or treatment for any condition caused by illumination or for other reasons.  ECF No. 76, at 9 & 78.  Thus, Plaintiff does not raise a viable Eighth Amendment claim: he fails to allege or assert any psychological or physical harm caused by the lighting.  Accordingly, he fails to show the Magistrate Judge's determination is incorrect.

Second, Plaintiff claims the Magistrate Judge erred because he should have found the SMU cell lighting is of "bright intensity."  ECF No. 77, at 3-4.  Citing several cases, the Magistrate Judge found Plaintiff failed to establish that the SMU's lighting is objectively unconstitutional.  Plaintiff also failed to establish that Defendants acted with deliberate indifference to his serious medical needs, the subjective prong of the analysis.  ECF No. 76, at 7-10.

Having reviewed the Report and Recommendation to Grant Defendants' Motion for Summary Judgment, ECF No. 76, and the files and records herein, and finding the objections are not well taken, the Court adopts the Magistrate Judge's report and recommendation in its entirety.

Accordingly, **IT IS HEREBY ORDERED**

1.  The Report and Recommendation to Grant Defendants' Motion for Summary Judgment, ECF No. 76, is **ADOPTED IN ITS ENTIRETY**.

2.  Defendants' Motion for Summary Judgment, **ECF No. 23**, is

ORDER ADOPTING REPORT
AND RECOMMENDATION
- 2

1 **GRANTED.**

2      3.   Plaintiff's Response to Defendants' Motion for Summary

3 Judgment and Cross-Motion for Summary Judgment, **ECF No. 66**, is

4 **DENIED AS MOOT.**

5      4.   Plaintiff's First Amended Complaint, **ECF No. 11**, is

6 **DISMISSED WITH PREJUDICE.**

7      **IT IS SO ORDERED.** The District Court Executive is directed to

8 enter this Order and forward copies to Plaintiff, defense counsel,

9 and the Magistrate Judge, and **CLOSE** the file.

10      **DATED** this 30th day of June 2011.

11

12                    S/ Edward F. Shea
                       _____
                            EDWARD F. SHEA
13                    United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER ADOPTING REPORT
AND RECOMMENDATION
  - 3