**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF WASHINGTON**

NEIL GRENNING,

Plaintiff,

v.

MAGGIE MILLER-STOUT, et al.,

Defendants.

NO. 2:09-cv-389-JPH

ORDER GRANTING STIPULATED PROTECTIVE ORDER

Plaintiff Neil Grenning and Defendants Maggie Miller-Stout and Fred Fox (collectively, the "***Parties***"), by and through their respective attorneys, hereby stipulate and agree to the following stipulated protective order.

## I. PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public

disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

**1. "Confidential" Material**

"Confidential" material shall include the following documents and tangible things produced or otherwise exchanged: the confidential information produced as part of the infraction packet of Offender Murray identified as DEFS 259-267, and any and all SMU Status Reports designated as confidential. In addition, consistent with Paragraph 4.3 below, the parties agreed to file a stipulated motion to seal if either party intends to file the documents identified above.

**2. Limitation on Disclosure of Confidential Information**

In addition to the materials specifically identified in Paragraph 1 above being considered confidential, portions of the materials and the information in such materials identified in Paragraph 1 shall not be shared with Plaintiff. This restriction applies to the names of the confidential informants, any other identifying information of the confidential informants, the criteria used to evaluate the reliability and credibility of inmates, and the handwritten information regarding staff's assessment of the reliability and credibility of the informants in this case.

**3. Scope**

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from

confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material. However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

**4. Access To and Use of Confidential Material**

**4.1 <u>Basic Principles</u>.** A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

**4.2 <u>Disclosure of "Confidential" Information or Items</u>.** Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

(a) The receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) The officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this

litigation, unless the parties agree that a particular document or material produced is for Attorney's Eyes Only and is so designated;

(c) Experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) The Court, court personnel, and court reporters and their staff;

(e) Copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

(f) During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement; and

(g) The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

**4.3 Filing Confidential Material.** Before filing confidential material or discussing or referencing such material in court filings, the filing party shall meet

and confer with the designating party to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted.

**5. Challenging Confidentiality Designations**

**5.1 Timing of Challenges.** Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

**5.2 Meet and Confer.** The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

**5.3 Judicial Intervention.** If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality. The burden of persuasion in any such motion shall be on

the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

**6. Protected Material Subpoenaed or Ordered Produced in Other Litigation**

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

(a) Promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b) Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c) Cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

**7. Unauthorized Disclosure of Protected Material**

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify

in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**8. Inadvertent Production of Privileged or Otherwise Protected Material**

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. Parties shall confer on an appropriate non-waiver order under Fed. R. Evid. 502.

**9. Non-Termination and Return of Documents**

Within 60 days after the termination of this action, including all appeals, each receiving party must return all confidential material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction. Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence,

deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material. The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: May 14, 2015

STOEL RIVES LLP

s / Hunter Ferguson
Hunter Ferguson, WSBA #41485
600 University Street, Suite 3600
Seattle, WA 98101
Telephone: 206-624-0900
Facsimile: 206-386-7500
Email: hunter.ferguson@stoel.com
*Attorneys for Plaintiff*

ATTORNEY GENERAL OF WASHINGTON

s/ Timothy J. Feulner
Timothy J. Feulner, WSBA No. 45396
Assistant Attorney General
P.O. Box 40116
Olympia, WA 98504-0116
Telephone: 360-586-1445
Email: timF1@atg.wa.gov
*Attorney for Defendants*

After review, and pursuant to stipulation, IT IS SO ORDERED.

DATED: 5/15/15

*S/ James P. Hutton*
JAMES P. HUTTON
United States District Court Magistrate Judge