UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| NEIL GRENNING, | NO: 2:09-CV-389-JPH |
|---|---|
| Plaintiff, | |
| v. | ORDER ADOPTING REPORT AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |
| MAGGIE MILLER STOUT, et. al., | |
| Defendant. | |

BEFORE THE COURT are the parties' objections to United States Magistrate Judge James P. Hutton's Report and Recommendation to Grant in Part and Deny in Part Defendants' Motion for Summary Judgment, ECF No. 136. Both parties have filed objections to the magistrate decision and responses to the objections of opposing counsel. *See* ECF Nos. 137-141. The Court has reviewed the pleadings and is fully informed.

/ / /

/ / /

ORDER ADOPTING REPORT AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 1

BACKGROUND

On March 2, 2010, Plaintiff, who is currently incarcerated, filed an Amended Complaint, ECF No. 11, suing Defendants both in their individual and official capacities. After filing an Answer, ECF No. 15, Defendants moved for summary judgment, ECF No. 23, which the district court granted upon the recommendation of a magistrate judge. *See* ECF No. 80. Plaintiff filed a timely appeal. *See* ECF No. 81. The Ninth Circuit Court of Appeals reversed and remanded the case for further proceedings, finding that the district court erred in granting summary judgment in favor of Defendants due to deficiencies in the record that demonstrated the presence of genuine issues of material fact. *See Grenning v. Miller Stout*, 736 F.3d 1235, 1241 (9th Cir. 2014); ECF No. 89.

On July 14, 2015, United States Magistrate Judge James P. Hutton drafted a Report and Recommendation to this Court to grant in part and deny in part Defendants' Motion for Summary Judgment. *See* ECF No. 136. Specifically, the magistrate found that (1) it would be improper to grant summary judgment against Plaintiff regarding his Eighth Amendment claim because there are genuine issues of material fact regarding essential elements of the claim, (2) Defendants are nonetheless entitled to qualified immunity because they acted reasonably in light of unclear legal standards, (3) it would be improper to grant summary judgment against Plaintiff on the issue of his standing to bring this suit, (4) Plaintiff may be

entitled to injunctive relief, and (5) that the Department of Corrections should not garnish more than twenty percent of Plaintiff's income to pay multiple sets of court fees pursuant to 28 U.S.C. § 1915(b)(2).

This Court has conducted a de novo review of each section of the Magistrate Judge's Report and Recommendation and has reviewed the parties' objections, and addresses each objection in turn.

## ANALYSIS

The moving party is entitled to summary judgment when there are no disputed issues of material fact when all inferences are resolved in favor of the non-moving party. *Northwest Motorcycle Ass'n v. United States Dep't of Agric.*, 18 F. 3d 1467, 1471 (9th Cir. 1994); FED. R. CIV. P. 56(c). If the non-moving party lacks support for an essential element of their claim, the moving party is entitled to judgment as a matter of law regarding that claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323. Importantly, at the summary judgment stage, the Court does not weigh the evidence presented, but instead assumes its validity and determines whether it supports a necessary element of the claim. *Id.* In order to survive a motion for summary judgment once the moving party has met their burden, the non-moving party must demonstrate that there is probative evidence that would allow a reasonable jury to find in their favor. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 251 (1986).

ORDER ADOPTING REPORT AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 3

Although the Magistrate Judge properly stated the summary judgment standard to be applied in this case, it bears repeating here as Defendants base their objections to the Magistrate Judge's report and recommendation largely on the weight of their evidence, rather than the lack of a sufficient dispute over issues of material fact.

**Defense Objection 1**

In order for Plaintiff to overcome Defendants' Motion for Summary Judgment regarding his Eighth Amendment claim, he must demonstrate that Defendants deprived him of a "minimal civilized measure of life's necessities," *See Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002), and that Defendants acted with "deliberate indifference" in doing so, *See Farmer v. Brenan*, 511 U.S. 825, 829 (1994).

Defendants first argue that Plaintiff has failed to raise a viable Eighth Amendment claim because subjecting him to continuous light for thirteen days is not a deprivation of rights that is sufficiently serious to be the basis for an Eighth Amendment claim. *See* ECF No. 137 at 3. Defendants believe that their pleadings have remedied the lack of evidence that was before the Ninth Circuit as they have provided new details regarding the lights and the penological purposes that justify their continuous use. *Id*.

1    Defendants' justifications and arguments that downplay the severity of the
2    lights would be proper at trial as support for a defense against an Eighth
3    Amendment claim, but those justifications and arguments fail to address whether
4    there is a genuine issue of material fact regarding an essential element of Plaintiff's
5    claim that makes the case unsuitable for resolution at summary judgment.
6    Defendants analogize this case to the facts of *Chappell v. Mandeville*, 706 F.3d
7    1053, 1058 (9th Cir. 2013), wherein a prisoner was subjected to continuous light
8    for seven days and the Ninth Circuit had "some doubt that the conditions that
9    Chappell experienced … amounted to an Eighth Amendment violation." *See* ECF
10   No. 137 at 7.
11   On the other hand, the Ninth Circuit in *Keenan v. Hall*, 83 F.3d 1083, 1089
12   (9th Cir. 1996), held that when an inmate suffers physical and psychological harms
13   due to continuous light (sixty days in that case), that amounted to a deprivation of a
14   "minimal civilized measure of life's necessities." Ninth Circuit case law only
15   establishes that different facts result in different legal analyses.
16   Between the extremes of *Keenan* and *Chappell*, Plaintiff has provided
17   evidence that he suffered harm resulting from his exposure to continuous light for
18   thirteen days, including the testimony of a board certified sleep medicine expert.
19   *See* ECF No. 136 at 6.  This Court finds that Plaintiff has provided sufficient
20   evidence to raise a genuine issue of material fact and persuade a reasonable jury

21   ORDER ADOPTING REPORT AND RECOMMENDATION TO GRANT IN
     PART AND DENY IN PART DEFENDANTS' MOTION FOR SUMMARY
     JUDGMENT ~ 5

that he suffered harm resulting from a deprivation of a "minimal civilized measure of life's necessities." *See Anderson v. Liberty Lobby*, 477 U.S. 242, 251 (1986).

Defendants also object to the magistrate's finding as an issue of fact that Defendants acted with "deliberate indifference." *See* ECF No. 137 at 9. The Ninth Circuit determined that a finding of deliberate indifference in this case would require that Defendants knew of the risk posed to Plaintiff by the lighting and that Defendants nonetheless deliberately ignored that risk. *Grenning*, 736 F.3d at 1241. Defendants argue that they could not have known of the risk posed to Plaintiff because previous cases have found similar lighting practices to be constitutional, and there was not any evidence to show the presence of what they would refer to as an "excessive" risk. *See* ECF No. 137 at 10. Additionally, Defendants argue: that they responded to complaints, but that it was not their responsibility to fix what was done to Plaintiff; that they acted in a way that should be afforded deference[1]; and that in nine years, only sixteen complaints were filed regarding the lighting. *Id*. at 11. These arguments would be relevant to support Defendants' defenses at trial, but fail to show at the summary judgment stage that Plaintiff has not provided sufficient evidence that could cause a reasonable jury to find deliberate indifference.

---

[1]Whether or not they acted reasonably is relevant to the qualified immunity analysis below.

ORDER ADOPTING REPORT AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 6

Despite the Ninth Circuit decision doubting the relevance of Defendants' stated penological purposes to an Eighth Amendment analysis, *Grenning*, 736 F.3d at 1240, Defendants' objections rely heavily on the strength of penological purposes as proper justifications for subjecting inmates in the Segregation Management Unit ("SMU") to continuous light. *See* ECF No. 137 at 11. However, Defendants' line of argument does nothing to defeat the validity of Plaintiff's evidence that creates disputed issues of material fact. Therefore, the penological purposes defense is not relevant to this Court's determination at the summary judgment stage.

Plaintiff has met his burden by alleging that Defendants made callous statements in response to legitimate complaints and failed to conduct even a basic investigation of the conditions of confinement. ECF No. 136 at 9. In light of such evidence, and resolving inferences in favor of the non-moving party, this Court is compelled to find that deliberate indifference is a disputed issue of material fact in this case that prohibits summary judgment on this issue.

There is sufficient evidence to find that Plaintiff suffered physical harm as a result of the lighting in the SMU, that this harm was a result of Defendants depriving him of a "minimal civilized measure of life's necessities," and that Defendants acted with deliberate indifference to the harm they caused. Any evidence to the contrary is properly submitted to support Defendants' case at trial,

but does not diminish the presence of a factual dispute regarding essential elements of Plaintiff's claim. Accordingly, this Court approves of the magistrates' recommendation to deny Defendants' Motion for Summary Judgment as to Plaintiff's Eighth Amendment claims. ECF No. 136 at 3-9.

**Defense Objection 2**

The Magistrate Judge held that in order for Plaintiff to be entitled to injunctive relief, he must demonstrate that (1) he must have suffered an irreparable injury; (2) the remedies available at law are inadequate to compensate for the injury, (3) the balance of hardships between the parties warrant a remedy in equity and (4) the public interest is not disserved by a permanent injunction. *See eBay v. MercExchange, LLC* 547 U.S. 388, 391 (2006); ECF No 136 at 13.

Although Defendants previously only argued that Plaintiff failed the first requirement of having suffered irreparable injury, in their objection to the Magistrate Judge's Report, they repeat that contention and additionally argue that Plaintiff has failed to meet the third and fourth requirements for injunctive relief. *See* ECF No. 137 at 15-17. Defendants add to their argument that Plaintiff has failed to demonstrate sufficient harm by stating that in the time since Plaintiff was last in the SMU, sleep masks have been provided to inmates to cover their eyes from the continuous light. *Id*. at 15. Defendants also argue that changing lights would require additional costs and that dimmer lights would detract from their

ORDER ADOPTING REPORT AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 8

penological purposes, so the hardships imposed on Plaintiff are outweighed by the difficulties and interests of both Defendants and the public. *Id*. at 15-17.

Plaintiff responds that he has demonstrated (1) an immediate injury with evidence of migraines and sleep deprivation, (2) that legal damages cannot restore his health or alleviate the suffering caused by the SMU conditions, (3) that changing the lighting could be done easily according to the testimony of an electrician, and (4) although the interests of safety and security are valid, they do not justify violating Plaintiff's constitutional rights. *See* ECF No. 136 at 13-14. Viewing Plaintiff's evidence in the light most favorable to him, Plaintiff has sufficiently alleged facts that would support a claim for injunctive relief.

Applying the summary judgment standard to the claim for injunctive relief, this Court finds a genuine dispute over material facts and therefore approves the Magistrate Judge's recommendation to deny Defendants' Motion for Summary Judgment regarding Plaintiff's claim for injunctive relief.

**Defense Objection 3**

Defendants object to the Magistrate Judge's determination that Plaintiff has standing to pursue injunctive relief insofar as that determination was based on the Ninth Circuit Court of Appeals decision. *See* ECF No. 137 at 17-18. Instead of providing any legal bases in their objection to the Magistrate Judge's finding of standing, Defendants refer this Court to their prior pleadings and ask this Court to

ORDER ADOPTING REPORT AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 9

make a determination independent of what the Ninth Circuit found. *Id*. Although nothing about Plaintiff's claims and his ability to raise them has changed since the appellate decision, Defendants "reserve the right to raise the issue at trial because Plaintiff has failed to conclusively establish standing." *Id*. at 18. Defendant is free to make this argument at trial, but that is not a proper basis to grant their motion for summary judgment. Whether Plaintiff has "conclusively establish[ed]" standing is a very different question than whether he has "raised a triable issue" on standing.

> The elements of standing are: (1) the plaintiff has suffered an injury in fact, i.e., an invasion of a judicially cognizable interest which is concrete and particularized and actual or imminent, not conjectural or hypothetical; (2) there must be a causal connection between the injury and the conduct complained of, i.e., the injury must be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court; and (3) it be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Friends of the E. Lake Sammamish Trail v. City of Sammamish*, 361 F. Supp. 2d 1260 (W.D. Wash. 2005) (citing *Bennett v. Spear,* 520 U.S. 154, 167, 117 S.Ct. 1154, 137 L.Ed.2d 281 (1997)). In light of Plaintiff's evidence regarding the harm that he already has suffered due to the lighting conditions in the SMU, the likelihood and unpredictability that he will be sent to the SMU again, the inadequacy of recent improvements made to lighting, and the possibility of avoiding future harms if an injunction mandates a change in the lighting, this Court

ORDER ADOPTING REPORT AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 10

1 finds that Plaintiff has met his burden of demonstrating standing at this stage of

2 litigation. See ECF No. 136 at 12-13; *Grenning*, 736 F.3d at 1247-48.

3 Accordingly, this Court approves of the Magistrate Judge's denial of Defendants'

4 Motion for Summary Judgment regarding Plaintiff's standing.

5       **Defense Objection 4**

6       Defendants object that the Magistrate Judge did not address their objections

7 to Plaintiff's evidence. *See* ECF No. 137 at 18. Although the Report explicitly

8 stated the reasons for each of the Magistrate Judge's decisions, Defendants object

9 to the fact that the Magistrate Judge did not specifically address Defendants'

10 objections to some of Plaintiff's evidence. *Id*. Defendants did not file a motion to

11 strike any of Plaintiff's evidence and have not provided any legal support of the

12 proposition that a judicial officer must address each of the arguments raised by the

13 parties that he considered in making his determinations. In addition, Defendants'

14 broad objection leaves this Court without knowing exactly what evidence they seek

15 to have excluded. Defendants state that "[t]o the extent that resolution of

16 Defendants' objections to the evidence is necessary to the Court's resolution of

17 Defendants' objections to the Report, Defendants request that the Court address

18 Defendants' arguments." *Id*.

19       This Court need not address this vague objection that lacks substance, but

20 the Court nonetheless reminds Defendants that "[a]t the summary judgment stage,

21

ORDER ADOPTING REPORT AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 11

1  we do not focus on the admissibility of the evidence's form.  We instead focus on

2  the admissibility of its contents." *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th

3  Cir. 2003); *See also Block v. City of Los Angeles,* 253 F.3d 410, 418–19 (9th

4  Cir.2001).  Importantly, this Court has great discretion over evidentiary rulings as

5  "[e]videntiary decisions made in the context of summary judgment motions are

6  reviewed for an abuse of discretion."  *Block v. City of Los Angeles*, 253 F.3d 410,

7  416 (9th Cir. 2001) (*citing Maffei v. Northern Ins. Co.,* 12 F.3d 892, 897 (9th

8  Cir.1993)).

9  　　　　The Court finds that the Magistrate Judge properly used his discretion to

10  both consider and address appropriate evidence in making his Report and

11  Recommendation.

12  　　　　**Defense Objection 5**

13  　　　　Defendants object to the Magistrate Judge's finding that the Department of

14  Corrections should not garnish more than twenty percent of Plaintiff's income to

15  pay multiple sets of court fees under 28 U.S.C. § 1915.  *See* ECF No. 137 at 18-23;

16  ECF No. 136 at 14-17.  Plaintiff has raised a question of statutory interpretation in

17  how this Court should apply 28 U.S.C. § 1915(b)(2), which provides:

18  　　the prisoner shall be required to make monthly payments of 20 percent
　　of the preceding month's income credited to the prisoner's account. The
19  　　agency having custody of the prisoner shall forward payments from the
　　prisoner's account to the clerk of the court each time the amount in the
20  　　account exceeds $10 until the filing fees are paid.

21  ORDER ADOPTING REPORT AND RECOMMENDATION TO GRANT IN
PART AND DENY IN PART DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT ~ 12

1  This is a matter of first impression here, because the Ninth Circuit has not yet
2  considered this question and in remanding this case, the appellate court directed
3  this Court to consider it first. *See Grenning*, 736 F.3d at 1242.

4  The Magistrate Judge adopted the interpretation advocated by Plaintiff, that
5  is, the so-called "sequential approach," which provides that twenty percent is a
6  limit to the amount taken per prisoner, not per case. *See* ECF No. 126 at 14-19;
7  ECF No. 136 at 14. Plaintiff argues that the plain text of § 1915 limits the
8  deductions to twenty percent per prisoner, that the sequential approach is
9  consistent with the statute's goals, and that it avoids the constitutional issues
10 regarding access to the courts that could arise if prisoners are charged twenty
11 percent of their income for every case they file. *See* ECF No. 136 at 15-16.

12 Defendants, on the other hand, dispute each of Plaintiff's arguments and
13 contend that this Court should take the majority interpretation, the "simultaneous
14 approach," that would allow for the withholding of twenty percent of the
15 preceding month's income credited to a prisoner's account <u>per case</u> in order to
16 dissuade prisoners from submitting frivolous filings. *See* ECF No. 137 at 18-23.

17 Defendants cite to the preceding section of 28 U.S.C. § 1915 which requires
18 prisoners to pay a specific amount each time they file a complaint or notice of
19 appeal, and argue that since that section applies a fee for each separate case, so
20 should § 1915(b)(2). *See* ECF No. 137 at 19, 28 U.S.C. § 1915(b)(1). Defendants

21 ORDER ADOPTING REPORT AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 13

also argue that the legislative history is inconclusive and only clearly establishes that inmates should pay marginal costs for each legal activity.  *See* ECF No. 137 at 21.  Finally, Defendants object to the Magistrate Judge's Report by arguing that there are no constitutional issues at play because there is no right to proceed in forma pauperis, and even so, there is still a safety valve that protects prisoners with less than ten dollars in their account from having their wages garnished.  *Id*. at 22; 28 U.S.C. § 1915.

In reading the first two subsections of § 1915(b), this Court rejects Defendants' interpretation by adopting the reasoning of the Third Circuit in *Siluk v. Merwin*, 783 F.3d 421, 428-29 (3d Cir. 2015), <u>as amended</u> (Apr. 21, 2015), <u>as amended</u> (Apr. 28, 2015) that

> the two subsections address different situations and neither the statutory text nor the relationship between the two subsections suggests that we read the statute with such rigidity.  Subsection (b)(1) deals with a one-time initial partial filing fee withdrawn when [and only when] funds exist.  The amount of that fee is based on income *or* account balance during the prior six months.  In contrast, subsection (b)(2) deals with ongoing monthly payments that are withdrawn only when the prisoner's account balance exceeds $10.  The amount debited pursuant to subsection (b)(2) is based on the prior month's income.

Reading the statute in its entirety leads to the conclusion that § 1915(b)(2) is a separate provision from (b)(1) and was intended to ensure the nearly continuous payment of a fee or fees in appropriate installments.

ORDER ADOPTING REPORT AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 14

As additional justification for this Court's reading of § 1915, the Court looks to legislative intent. In *Siluk*, the Court also addressed the legislative intent in holding that

> although Congress intended to deter frivolous litigation by requiring IFP prisoners to bear some marginal cost, Congress did not intend to create a payment scheme that would ensure fees be paid as expeditiously as possible or that would create tension with an inmate's constitutional right of access to the courts.

*Id*. at 431.

The statute does not require expediting payments, and the sequential approach still withholds pay until all fees are paid, but only up to a limit of twenty percent. Accordingly, there is still a disincentive for prisoners to file frivolous claims, but that disincentive does not unduly limit the proper use of the court system to exercise legitimate rights. This Court finds that there is no need to address Plaintiff's constitutional claims regarding access to the courts in light of this Court's rejection of Defendants' motion on other grounds.

Based on the foregoing, this Court approves the Magistrate Judge's recommendation that this Court should apply the sequential approach. Following the payment of the initial partial payment (pursuant to (b)(1)), Plaintiff's account shall not be charged more than twenty percent per month to pay the remaining balance of court filing fees.

**Plaintiff Objection 1**

ORDER ADOPTING REPORT AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 15

1    Plaintiff only objects to one section of the magistrate Report, section II,
2 because Plaintiff argues that Defendants should not be entitled to qualified
3 immunity and certainly not summary judgment regarding that defense.  *See* ECF
4 No. 138.  Plaintiff submits that the Magistrate Judge "misapplied the summary
5 judgment standard that governs the analysis of qualified immunity by failing to
6 draw all reasonable inferences in favor of Mr. Grenning as the non-moving party."
7 *Id*. at 2.

8    As the Magistrate Judge correctly held, prison officials carrying out their
9 duties are immune from suit unless their behavior contravenes "clearly established
10 federal law."  *Torres v. City of Madera*, 648 F.3d 1119, 1127 (9th Cir. 2011).  The
11 doctrine of qualified immunity serves two important and, at times, competing
12 interests: "the need to hold public officials accountable when they exercise power
13 irresponsibly and the need to shield officials from harassment, distraction, and
14 liability when they perform their duties reasonably."  *Pearson v. Callahan*, 555
15 U.S. 223 (2009).  Even if officials violate federal law, if they do so in an
16 "objectively reasonably manner," they are not liable to personal suits for monetary
17 damages.  *See Macariello v. Sumner*, 973 F.2d 295, 298 (4th Cir. 1992).
18 Accordingly, officials "are not liable for bad guesses in gray areas; they are liable
19 for transgressing bright lines."  *Id.*

20

21

ORDER ADOPTING REPORT AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 16

Although it is still disputed whether or not Defendants violated Plaintiff's Eighth Amendment rights, the relevant inquiry for purposes of qualified immunity at this stage is whether or not the law corresponding to Plaintiff's claims was clearly established at the time Defendants' relevant actions occurred. Plaintiff was confined in the SMU for thirteen days in January of 2009, so this Court considers the law as it was in 2009.

The cases cited by both parties demonstrate only a lack of clarity regarding whether or not continuous lighting in the SMU is a constitutional violation, not a bright line rule of whether exposure to continuous light is a violation of an inmate's constitutional rights. The cases support that the determination is fact-specific: in a case decided in 1996, sixty days of 24-hour lighting was found unconstitutional, *see Keenan*, 83 F.3d at 1090; but in another case decided in 2013, four years after the facts of this case occurred, the Ninth Circuit doubted whether seven days of continuous light violated the Eighth Amendment, *see Chappell*, 706 F.3d at 1060.

Additionally, in remanding this case, the Ninth Circuit pointed out the lack of clarity regarding whether or not a legitimate penological purpose is relevant to an Eighth Amendment claim. *Grenning*, 736 F.3d at 1240. The numerous cases cited in the Magistrate Judge's Report further support the fact that Defendants

ORDER ADOPTING REPORT AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 17

could have reasonably believed that their penological purposes justified continuous lighting in the SMU. *See* ECF No. 136 at 10-11.

This Court finds that prison officials cannot be held personally liable for their reasonable interpretations of unclear laws. In "gray areas" that turn on specific facts, prison officials may not be sued for what judicial officers have yet to clarify. This Court, therefore, approves of section II of the Magistrate Judge's Report by finding that Defendants are protected by qualified immunity.

As stated in the Report, although Plaintiff may not recover monetary damages from Defendants personally, he may still be entitled to injunctive relief.

Accordingly, **IT IS HEREBY ORDERED** that the Report and Recommendation, **ECF No. 136**, is **ADOPTED in its entirety**.[2]

The District Court Clerk is directed to enter this Order and provide copies to counsel for Plaintiffs and Defendants.

**DATED** this 3rd day of November 2015.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
Chief United States District Court Judge

---

[2] The Court notes certain typographical errors in the Magistrate Judge's Report and Recommendation, most importantly an incorrect cite of the Ninth Circuit opinion of this case on pages 4, 5, 6, 8, 10 (line 18), 12, 13, 14, and 15 of the Report and Recommendation. The Ninth Circuit opinion is correctly cited as *Grenning v. Miller-Stout*, 739 F.3d 1235 (9th Cir. 2014).

ORDER ADOPTING REPORT AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 18