UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| NEIL GRENNING,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>MAGGIE MILLER STOUT, et. al.,<br><br>　　　　　　　　Defendant. | NO: 2:09-CV-389-JPH<br><br>ORDER GRANTING DEFENDANTS' UNOPPOSED MOTION TO VACATE COURT'S PRIOR ORDER REGARDING SEQUENTIAL DEDUCTION OF FILING FEES |
|---|---|

BEFORE THE COURT is Defendants' Unopposed Motion to Vacate Court's Prior Order Regarding Sequential Deduction of Filing Fees, ECF No. 150. In light of new relevant authority from the United States Supreme Court, Plaintiff does not oppose the motion. *See* ECF Nos. 149 and 151. The Court has reviewed the motion, the record, and is fully informed.

## ANALYSIS

On November 3, 2015, the Court entered an Order adopting a Magistrate Judge's Report and Recommendation to grant in part and deny in part Defendants'

ORDER GRANTING DEFENDANTS' UNOPPOSED MOTION TO VACATE COURT'S PRIOR ORDER REGARDING SEQUENTIAL DEDUCTION OF FILING FEES ~ 1

motion for summary judgment.  *See* ECF No. 143.  As it relates to this motion, the Court interpreted 28 U.S.C. § 1915(b)(2), which governs the manner in which the Department of Corrections may collect filing fees from prisoner litigants proceeding in forma pauperis.  *See id.* at 12-15.

In relevant part, the statute provides that

> [a]fter payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account.  The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2).  This Court previously adopted the "sequential" approach to 28 U.S.C. § 1915(b)(2), by holding that the twenty percent cap on garnished income applied to each prisoner, not to each case filed by any individual prisoner.  The Court held that "[f]ollowing the payment of the initial partial payment (pursuant to (b)(1)), Plaintiff's account shall not be charged more than twenty percent per month to pay the remaining balance of court filing fees."  ECF No. 143 at 15.

After the entry of this Court's order, the United States Supreme Court granted certiorari to resolve a split between the Circuit Courts of Appeals on this issue.  *Bruce v. Samuels*, 136 S. Ct. 627, 629 (2016).  The Supreme Court held that "§ 1915(b)(2) calls for simultaneous, not sequential, recoupment of multiple filing fees."  *Id.* at 631.  Plaintiff subsequently notified the Court of this ruling and

ORDER GRANTING DEFENDANTS' UNOPPOSED MOTION TO VACATE COURT'S PRIOR ORDER REGARDING SEQUENTIAL DEDUCTION OF FILING FEES ~ 2

withdrew his challenge to the Department of Corrections' practice of withdrawing fees from his prison account for the simultaneous payment of multiple filing fees. *See* ECF No. 149.

In light of this new ruling, and in consideration of Defendants' unopposed motion, the Court finds good cause to vacate its prior order to the extent that it conflicts with the holding of *Bruce v. Samuels*, 136 S. Ct. 627.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendants' Unopposed Motion to Vacate Court's Prior Order Regarding Sequential Deduction of Filing Fees, **ECF No. 150**, is **GRANTED**.

2. The Court's prior Order at ECF No. 143 is vacated only insofar as it requires Defendants to deduct fees from Plaintiff's prison trust account in a sequential manner.

The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** this 23rd day of May 2016.

        *s/ Rosanna Malouf Peterson*
        ROSANNA MALOUF PETERSON
        United States District Judge